JEFFREY A. ROSEN
Acting Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>RANSEN TAITO,<br><br>　　　　　　　Defendant. | CR NO. 18-00001-JMS-WRP<br><br>UNITED STATES' MOTION TO DISMISS THE INFORMATION IN THE INTERESTS OF JUSTICE<br><br>Date:　January 19, 2021<br>Time:　1:30 p.m.<br>Judge: Hon. J. Michael Seabright |

UNITED STATES' MOTION TO DISMISS

The United States of America, by and through its counsel, hereby moves to dismiss with prejudice the criminal information against Ransen Taito pursuant to Federal Rule of Criminal Procedure 48(a). The United States has determined, pursuant to the principles of federal prosecution and extensive review and careful

consideration of the circumstances of this case, that continued prosecution of Ransen Taito would not serve the interests of justice.

I

FACTUAL BACKGROUND

Ransen Taito was eleven years old when Katherine Kealoha was appointed by the Hawaii state court as Guardian of Property for him and his younger sister. Specifically, the state court ordered Kealoha to establish individual trust accounts for the Taitos to safeguard approximately $83,884 due each child as part of a medical malpractice settlement. Kealoha opened the trust accounts, but rather than protecting the assets as trustee, Kealoha used her power and authority over the accounts to misappropriate the funds to her personal benefit. Ultimately, unbeknownst to the Taitos, Kealoha depleted the funds in the trust accounts for her own use.

In 2016, the FBI and the federal grand jury were investigating Kealoha's fraud. At that time, as outlined in the plea agreement and the Presentence Report, Mr. Taito—at Katherine Kealoha's direction—provided false information to the grand jury. Prior to doing so, Kealoha falsely told Mr. Taito that his mother could go to jail if he told the truth about the money from the trust accounts. In January 2018, Taito pleaded guilty to conspiracy to obstruct justice.

Much has transpired since that time. In particular, between May and June 2019, this Court held a jury trial whereby Kealoha and her codefendants were

convicted by a jury of conspiracy to obstruct justice, among other charges. Following the jury verdict, Kealoha pleaded guilty to bank fraud, and admitted stealing the trust funds belonging to the Taitos. Pursuant to her plea, Kealoha agreed to repay the Taitos in full for the theft of their trust funds. In December 2020, the Court ordered Kealoha to pay restitution to the Taitos as victims of Kealoha's fraud.

Taito is scheduled to be sentenced on January 19, 2021. He has been on pretrial supervision for approximately three years with no violations. The United States now moves to dismiss the case against him.

II

LEGAL BACKGROUND

Federal Rule of Criminal Procedure 48(a) permits the United States, "with leave of the court," to "dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). It is also "well established that the Government may move to dismiss even after a complaint has turned into a conviction because of a guilty plea." *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009) (collecting cases). The "leave of the court" provision serves to empower the district court to withhold leave if the United States' "decision to terminate [a] prosecution clearly disserved the public interest." *Rinaldi v. United States*, 434 U.S. 22, 29 (citing *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)). "While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the

3

purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution." *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). When the district court assesses the prosecutor's Rule 48(a) dismissal motion, it considers whether the motion is made in good faith. *Id.* Where that is the case, the court should grant the motion. *Id.*

III

DISCUSSION

Based on a review of the facts and circumstances surrounding this matter, including significant developments after the entry of Mr. Taito's guilty plea, the United States has concluded that dismissal of this case is warranted in the interests of justice.

Under the principles of federal prosecution, "[a] determination to prosecute represents a policy judgment that the fundamental interests of society require the application of federal criminal law to a particular set of circumstances. . . ." Justice Manual § 9-27.001. Prosecutors "have a duty to do justice," *United States v. Darui*, 614 F. Supp. 2d 25, 37 (D.D.C. 2009), and "must serve the public interest." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 249 (1980). Prosecutors possess "immense power to strike at citizens, not with mere individual strength, but with all the force of government itself." Robert H. Jackson, The Federal Prosecutor, 24 Judicature 18, 18 (1940) (address delivered at the Second Annual Conference of United States

4

Attorneys, April 1, 1940). For that reason, "the citizen's safety lies in the prosecutor who … seeks truth and not victims, who serves the law and not factional purposes, and who approaches [the] task with humility." *Id.*

After much deliberation, these principles guide the United States to the conclusion that continued prosecution of Mr. Taito is not in the interests of justice. As has crystallized since his guilty plea, Mr. Taito was a victim of Katherine Kealoha's extensive corruption and fraud; a pawn in Kealoha's scheme to obstruct the federal investigation. Kealoha used her power, position, and influence to convince Mr. Taito to lie to the grand jury to protect his mother.[1] While the dilemma Kealoha placed him in does not excuse his conscious decision to lie to the grand jury, when considering the totality of the current circumstances—including Kealoha's recent convictions and outstanding order of restitution to Mr. Taito—the United States does not believe that a substantial federal interest presently exists in penalizing Mr. Taito with a felony conviction. The United States contends that his three-year pretrial supervision was just punishment for his crime, protects the public, and generally deters others from committing similar offenses.

//

//

//

---

[1] This Court pointed out on November 30, 2019, during the sentencing of Katherine Kealoha, that a son would naturally do anything to protect his mother.

IV

## CONCLUSION

The United States respectfully requests that the Court grant the United States' motion to dismiss this matter with prejudice.

Dated: January 4, 2021.                    Respectfully submitted,

                                            JEFFREY A. ROSEN
                                            Acting Attorney General
                                            ROBERT S. BREWER, JR.
                                            United States Attorney

                                            */s/ Michael G. Wheat*
                                            MICHAEL G. WHEAT
                                            JOSEPH J.M. ORABONA
                                            JANAKI G. CHOPRA
                                            COLIN M. MCDONALD
                                            Special Attorneys to the Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>         v.<br><br>RANSON TAITO,<br><br>                    Defendant. | CR NO. 18-00001 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Michael G. Wheat, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2021.

/s/ Michael G. Wheat
MICHAEL G. WHEAT
Special Attorney to the Attorney General